%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Doherty, Jr.

**DEFENDANTS**
City of York, et al.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Zeff Law Firm, 100 Century Parkway, Suite 305, Mt. Laurel, NJ 08034, 856-778-9700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 1983 and Fourth and Fourteenth Amendments of the United States Constitution

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  In excess of $100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE
2/23/10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

David Doherty, Jr.                              :                CIVIL ACTION
                                                :
                          v.                    :
                                                :
City of York, et a.                             :                NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( x )


<u>    2/23/10       </u>          <u>  Gregg L. Zeff          </u>          _____
**Date**                          **Attorney-at-law**                       **Attorney for Plaintiff**

<u>  856-778-9700        </u>     <u>  856-778-9710          </u>      <u>  Zeff@glzefflaw.com    </u>
**Telephone**                     **FAX Number**                            **E-Mail Address**


(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 – Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____ 1625 Conewago Avenue, Manchester, PA 17345 _____

Address of Defendant: _____ 50 West Kings Street, York, PA 17401 and 5570 Board Road, Mt. Wolf, PA 17347 _____

Place of Accident, Incident or Transaction: _____ Plaintiff's Address _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☑

Does this case involve multidistrict litigation possibilities?      Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _____, counsel of record hereby certify:
  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                        Attorney-at-Law          Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 2/23/10 _____  _____  _____ 52648 _____
                            Attorney-at-Law          Attorney I.D.#
CIV. 609 (6/08)

ZEFF LAW FIRM, LLC
GREGG L. ZEFF, ESQUIRE
100 CENTURY PARKWAY, SUITE 305
MOUNT LAUREL, NJ 08054
(856)778-9700                                      Attorney for Plaintiff
gzeff@glzefflaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID DOHERTY, JR**<br>**1625 Conewago Avenue**<br>**Manchester, PA 17345** | : <br> : <br> : <br> : | |
| *Plaintiff,* | : <br> : | |
| v. | : <br> : | **CIVIL ACTION** |
| **CITY OF YORK**<br>**50 West Kings Street**<br>**York, PA 17401** | : <br> : <br> : <br> : | **No.** |
| **and** | : <br> : | |
| **OFFICER NADZOM, OFFICER**<br>**SEELIG, and OFFICER MCBRIDE,**<br>**OFFICER WOLFE, OFFICER**<br>**KEPPEL, OFFICER NAWROCKI and**<br>**OFFICER HOUSEAL all of the CITY**<br>**OF YORK POLICE DEPARTMENT**<br>**50 West Kings Street**<br>**York, PA 17401** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMAND** |
| **and** | : <br> : | |
| **OFFICER BUMSTEAD of the**<br>**NORTHEASTER POLICE**<br>**DEPARTMENT**<br>**5570 Board Road**<br>**Mt. Wolf, PA 17347** | : <br> : <br> : <br> : <br> : | |
| **and** | : <br> : <br> : <br> : | |

| | |
|---|---|
| **NORTHEASTERN REGIONAL** | : |
| **POLICE DEPARTMENT** | : |
| **5570 Board Road** | : |
| **Mt. Wolf, PA 17347** | : |
| | : |
| *Defendants.* | : |
| | : |

## CIVIL ACTION - COMPLAINT

Plaintiff David Doherty, Jr. by and through his attorneys the Zeff Law Firm, LLC hereby

brings this Complaint against Defendants City of York, Pennsylvania, the Northeastern Regional

Police Department, Officer Nadzom, Officer Seelig, Officer Wolfe, Officer Keppel, Officer

Nawrocki, Officer Bumstead, Officer Houseal ("Defendants"), and avers as follows:

### I.   INTRODUCTION

1.      This action for declaratory, injunctive, monetary and other appropriate relief is

brought by Plaintiff to redress the violations by Defendants of the rights secured to him by the

laws of the United States of America.

### II.   JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded on 28 U.S.C.

§§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

3.      The amount in controversy exclusive of interest and costs exceeds the sum of One

Hundred Thousand ($100,000.00) Dollars.

### III.   VENUE

4.      All the claims herein arose within the jurisdiction of the United States District

Court for the Eastern District of Pennsylvania and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## IV. PARTIES

5.     Plaintiff David Doherty is an adult individual citizen of the State of Pennsylvania residing therein at 1625 Conewago Avenue, Manchester, PA.

6.     Defendant City of York is a municipal corporation within the State of Pennsylvania located at 50 West Kings Street York, PA 17401.

7.     Defendant Northeastern Regional Police Department is a public corporation within the State of Pennsylvania located at 5570 Board Road Mt. Wolf, PA 17347.

8.     Defendants Officer Nadzom, Officer Seelig, Officer McBride, Officer Wolfe, Officer Keppel, Officer Nawrocki and Officer Houseal are and/or were at all times material hereto police officers with the City of York Police Department located at 50 West Kings Street York, PA 17401.

9.     Defendant Officer Bumstead is and/or was at all times material hereto, a police officers with the Northeastern Regional Police Department located at 5570 Board Street, Mt. Wolf Pennsylvania 17347.

## V. FACTS

10.     Plaintiff is a 24-year-old male.

11.     On October 29, 2008, Plaintiff was lawfully at his apartment which was located at 651 Pennsylvania Avenue Apartment 1 York, PA 17401.

12.     On said date, at approximately 3:05 p.m. York Police Department Detective

Nadzom entered the Plaintiff's premises while the Plaintiff and his friend Jacob Schaffer were inside of the apartment. Nadzom was accompanied by officers Seelig, Wolfe, Keppel, Nawrocki, Bumstead, Houseal, and McBride.

13.     One month prior to said day, on September 29, 2008 Plaintiff underwent inguinal varicocele surgery, leaving him extremely sore and visibly hunched over grabbing his pelvic area when he walked.

14.     When the Defendants entered they arrested both the Plaintiff and Schaffer.

15.     While Plaintiff was being handcuffed and arrested, he yelled to the Defendants that he had just underwent surgery and had stitches.

16.     However, one or more of the Defendants kicked the Plaintiff in the side of his torso, while the Plaintiff was hunched over, lacerating his spleen. Plaintiff was then thrown to the ground by the Defendants.

17.     One of the Defendants than threw the Plaintiff onto the couch violently.

18.     The Defendants than told the Plaintiff that they were going to leave the Plaintiff at his home because of his medical condition, and uncuffed the two men and left the Plaintiff's home.

19.     After being uncuffed the Plaintiff fell to the ground. He was then picked up by Schaffer who carried him to the car and drove him to the hospital.

20.     Plaintiff was transported to Wellspan Surgical Associates where he underwent surgery for his injuries that resulted from the attack which included, but were not limited to a ruptured spleen.

-4-

**COUNT I**
**PLAINTIFF v. DEFENDANTS OFFICER NADZOM, OFFICER SEELIG,**
**OFFICER WOLFE, OFFICER KEPPEL, OFFICER NAWROCKI,**
**OFFICER BUMSTEAD, OFFICER HOUSEAL, and OFFICER MCBRIDE**
**VIOLATIONS OF 42 U.S.C. § 1983**

21.     Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

22.     Defendant Officers used excessive force thereby violating Plaintiff's rights under the laws of the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments.

23.     Without any justification or provocation, Defendants willfully and maliciously caused Plaintiff to suffer injuries.

24.     As a direct and proximate result of the aforesaid acts of Defendant Officers committed under color of their authority as City of York Police Officers, Plaintiff suffered grievous bodily harm which is a violation by said Defendant Officers of the laws and Constitution of the United States, in particular, the Fourth Amendment and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

25.     The acts committed by Defendants constitute intentional misconduct, excessive use of force and deliberate indifference to Plaintiff which caused the previously described bodily injuries to the Plaintiff, monies for legal fees, and other economic losses in violation of his constitutional rights as previously set forth in the aforementioned paragraphs. The acts constitute an excessive use of force all in violation of the Fourth Amendment and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

26.     As a result of the aforementioned occurrence, and due to the intentional and

-5-

willful acts of the Defendants, Plaintiff has, and will in the future, suffer severe bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff David Doherty demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT II
### PLAINTIFF v. DEFENDANTS OFFICER NADZOM, OFFICER SEELIG, OFFICER WOLFE, OFFICER KEPPEL, OFFICER NAWROCKI, OFFICER BUMSTEAD, OFFICER HOUSEAL, and OFFICER MCBRIDE
### ASSAULT & BATTERY

27.    Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

28.    Defendants willfully, intentionally, and maliciously inflicted assaults and batters upon Plaintiff, causing him the bodily injury and damages aforesaid.

29.    As a result of the aforementioned occurrence, and due to the intentional and willful acts of Defendants, Plaintiff has, and will in the future, suffer severe bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff David Doherty demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

**COUNT III**
**PLAINTIFF v. DEFENDANTS CITY OF YORK AND**
**NORTHEASTERN REGIONAL POLICE DEPARTMENT**
**VIOLATIONS OF 42 U.S.C. § 1983**
**FAILURE TO TRAIN**

30.     Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

31.     Defendants City of York and Northeast Regional Police Department failed to properly train and supervise the Defendant Police Officers.

32.     As such, Defendants City of York and Northeast Regional Police Department was grossly negligent, deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

33.     Defendants City of York and Northeast Regional Police Department's failures were the moving force behind the actions of the Defendant Officers resulting in the injuries to Plaintiff aforesaid.

34.     As a direct and proximate result of the acts and omissions of Defendants City of York and Northeast Regional Police Department, Plaintiff has, and will in the future, suffer severe bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff David Doherty demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

-7-

## COUNT IV
## PLAINTIFF v. DEFENDANT CITY OF YORK AND
## NORTHEASTERN REGIONAL POLICE DEPARTMENT
## <u>VIOLATION OF 42 U.S.C. § 1983</u>

35.     Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

36.     Defendants City of York and Northeast Regional Police Department developed and maintained a number of deficient policies and/or customs which caused the deprivation of Plaintiff's constitutional rights.

37.     Defendants City of York and Northeast Regional Police Department's policies and customs encouraged the Defendant Officers to believe that they could violate the constitutional rights of Plaintiff with impunity and with the explicit or tacit approval of the Defendant City of York.

38.     As a direct and proximate result of the aforementioned acts and omissions of Defendants City of York and Northeast Regional Police Department Plaintiff has, and will in the future, suffer severe bodily injury, pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff David Doherty demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

-8-

ZEFF LAW FIRM, LLC


_____GLZ1868_____
Gregg L. Zeff, Esq.
Attorney for Plaintiff

Dated: February 23, 2010