IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David Doherty, Jr. | : No.  1:10-CV-00812 |
|     Plaintiff | : |
| | :  The Honorable John E. Jones, III |
| | : |
| v | : |
| | : JURY TRIAL DEMANDED |
| City of York, et al. | : |
|     Defendants | : (Electronically Filed) |

## ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS CITY OF YORK, OFFICER SEELIG, AND OFFICER NADZOM

AND NOW, come Defendants, City of York, Officer Seelig, and Officer Nadzom (hereinafter "Answering Defendants"), by and through their counsel, Lavery, Faherty, Young & Patterson, P.C., and hereby answer and respond to Plaintiff's Complaint as follows:

### I.   INTRODUCTION

1.   Denied.   The averments of this paragraph are denied as conclusions of law to which no response is necessary.  To the extent that a response is deemed necessary, it is denied that Answering Defendants violated Plaintiff's rights.

## II.  JURISDICTION

2. Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

3. Denied.

## III.  VENUE

4. Denied.  The averments of the Complaint arose within the jurisdiction of the United States District Court for the Middle District and Answering Defendants reside within the Middle District.

## IV.  PARTIES

5. Admitted in part.  Denied in part.  It is admitted only that Plaintiff David Doherty is an adult individual.  The remaining averments of this paragraph are denied in that, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of such averments, and the same are therefore denied with strict proof demanded, if relevant.

6. Denied as stated.  The City of York is a third class city duly organized pursuant to the Third Class City Code of the Commonwealth of Pennsylvania.

7. Denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph, and the same are therefore denied with strict proof demanded, if relevant.

8. Admitted in part. Denied in part. It is admitted only that Answering Defendants Nadzom and Seelig are and were police officers with the City of York Police Department. The remaining averments of this paragraph are denied.

9. Admitted upon information and belief.

## V. FACTS

10. Denied. Upon information and belief, Plaintiff's date of birth is March 20, 1985.

11. Admitted in part. Denied in part. It is admitted only that Plaintiff resided at 651 Pennsylvania Avenue Apartment 1, York, PA 17401 on October 29, 2008. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the remaining averments of this paragraph, and the same are therefore denied with strict proof demanded, if relevant.

12. Admitted. By way of further response, Answering Defendants Nadzom and Seelig entered said premises pursuant to a lawful search warrant as members of the York County Drug Task Force.

13. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the averments of this paragraph, and the same are therefore denied with strict proof demanded, if relevant.

14. Admitted. By way of further response, Answering Defendants Nadzom and Seelig entered the premises pursuant to a lawful search warrant as members of

the York County Drug Task Force.  Plaintiff was arrested and charged with possession with intent to deliver marijuana and possession of drug paraphernalia to which he pled guilty.

    15.    Denied as stated.  It is admitted only that Plaintiff told Answering Defendant Seelig that he recently had surgery.  In response, Answering Defendant Seelig handcuffed Plaintiff in the front of his body instead of behind his back.  By way of further response, Plaintiff was running towards the back door of the residence prior to being arrested.  Plaintiff was arrested and charged with possession with intent to deliver marijuana and possession of drug paraphernalia to which he pled guilty.

    16.    Denied.

    17.    Denied.

    18.    Denied as stated.  Plaintiff was permitted to stay at his home because he told the police officers that he was considering assisting them with investigation of known drug associates of Plaintiff.  Plaintiff also told the officers he had a follow-up medical appointment the next day.

    19.    Denied.  By way of further response, Plaintiff specifically refused medical treatment after he was arrested.

    20.    Denied.  It is denied that Plaintiff suffered any injuries as a result of any actions of Answering Defendants.  After reasonable investigation, Answering

4

Defendants are without sufficient information to form a belief as to the truth of the remaining averments of this paragraph, and the same are therefore denied with strict proof demanded, if relevant.

## COUNT I
## PLAINTIFF v. DEFENDANTS OFFICER NADZOM, OFFICER SEELIG, OFFICER WOLFE, OFFICER KEPPEL, OFFICER NAWROCKI, OFFICER BUMSTEAD, OFFICER HOUSEAL, and OFFICER MCBRIDE VIOLATIONS OF 42 U.S.C. § 1983

21. Answering Defendants' answers to paragraphs 1 through 20 are incorporated by reference as if fully set forth at length herein.

22. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

23. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, it is denied that Answering Defendants caused Plaintiff to suffer any injuries. By way of further response, any injuries or damages sustained by Plaintiff were caused by Plaintiff's own conduct and misdeeds which were illegal, intentional, willful, wanton, and reckless.

24. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil

Procedure. To the extent that a response is deemed necessary, it is denied that Answering Defendants caused Plaintiff to suffer any injuries. By way of further response, any injuries or damages sustained by Plaintiff were caused by Plaintiff's own conduct and misdeeds which were illegal, intentional, willful, wanton, and reckless.

25. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, it is denied that Answering Defendants caused Plaintiff to suffer any injuries. By way of further response, any injuries or damages sustained by Plaintiff were caused by Plaintiff's own conduct and misdeeds which were illegal, intentional, willful, wanton, and reckless.

26. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, it is denied that Answering Defendants caused Plaintiff to suffer any injuries. By way of further response, any injuries or damages sustained by Plaintiff were caused by Plaintiff's own conduct and misdeeds which were illegal, intentional, willful, wanton, and reckless.

WHEREFORE, Answering Defendants respectfully pray that this Complaint against them be dismissed with prejudice and that judgment be entered in their favor together with allowable costs and reasonable attorney's fees.

## COUNT II
### PLAINTIFF v. DEFENDANTS OFFICER NADZOM, OFFICER SEELIG, OFFICER WOLFE, OFFICER KEPPEL, OFFICER NAWROCKI, OFFICER BUMSTEAD, OFFICER HOUSEAL, and OFFICER MCBRIDE ASSAULT & BATTERY

27. Answering Defendants' answers to paragraphs 1 through 26 are incorporated by reference as if fully set forth at length herein.

28. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, it is denied that Answering Defendants caused Plaintiff to suffer any injuries. By way of further response, any injuries or damages sustained by Plaintiff were caused by Plaintiff's own conduct and misdeeds which were illegal, intentional, willful, wanton, and reckless.

29. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, it is denied that Answering Defendants caused Plaintiff to suffer any injuries. By way of further response, any injuries or damages sustained by Plaintiff were caused by Plaintiff's

own conduct and misdeeds which were illegal, intentional, willful, wanton, and reckless.

WHEREFORE, Answering Defendants respectfully pray that this Complaint against them be dismissed with prejudice and that judgment be entered in their favor together with allowable costs and reasonable attorney's fees.

### COUNT III
### PLAINTIFF v. DEFENDANTS CITY OF YORK AND NORTHEASTERN REGIONAL POLICE DEPARTMENT
### VIOLATIONS OF 42 U.S.C. § 1983
### FAILURE TO TRAIN

30. Answering Defendants' answers to paragraphs 1 through 29 are incorporated by reference as if fully set forth at length herein.

31. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

32. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

33. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

34. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, it is denied that Answering Defendants caused Plaintiff to suffer any injuries. By way of further response, any injuries or damages sustained by Plaintiff were caused by Plaintiff's own conduct and misdeeds which were illegal, intentional, willful, wanton, and reckless.

WHEREFORE, Answering Defendants respectfully pray that this Complaint against them be dismissed with prejudice and that judgment be entered in their favor together with allowable costs and reasonable attorney's fees.

**COUNT IV**
**PLAINTIFF v. DEFENDANTS CITY OF YORK AND**
**NORTHEASTERN REGIONAL POLICE DEPARTMENT**
**VIOLATIONS OF 42 U.S.C. § 1983**

35. Answering Defendants' answers to paragraphs 1 through 34 are incorporated by reference as if fully set forth at length herein.

36. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

37. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

38. Denied. The averments of this paragraph are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. To the extent that a response is deemed necessary, it is denied that Answering Defendants caused Plaintiff to suffer any injuries. By way of further response, any injuries or damages sustained by Plaintiff were caused by Plaintiff's own conduct and misdeeds which were illegal, intentional, willful, wanton, and reckless.

WHEREFORE, Answering Defendants respectfully pray that this Complaint against them be dismissed with prejudice and that judgment be entered in their favor together with allowable costs and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

39. Plaintiff's Complaint, and each of its counts, fails to state claims or causes of action pursuant to § 1983 against Answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

40. Plaintiff's Complaint does not properly name and fails to state a claim or cause of action upon which relief can be granted against the City of York.

### THIRD AFFIRMATIVE DEFENSE

41. At no time material hereto did Answering Defendants violate clearly established law, and consequently, Answering Defendants Seelig and Nadzom claim their right to qualified immunity which has been held to be a right not to go to trial and the right to be free of the burdens of this litigation.

### FOURTH AFFIRMATIVE DEFENSE

42. Plaintiff has failed to properly plead a claim for unlawful policy, practice, custom, or usage on behalf of the City of York.

### FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff has failed to properly plead a claim for failure to train on behalf of the City of York.

### SIXTH AFFIRMATIVE DEFENSE

44. At no time material hereto was excessive force employed against Plaintiff. Rather, at all times material hereto, the force that was used to effectuate the arrest of Plaintiff was reasonable and in a lawful attempt to control Plaintiff who was non-compliant.

### SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint fails to state a claim for punitive damages against the City of York or against the individual Defendants, Seelig and Nadzom.

## EIGHTH AFFIRMATIVE DEFENSE

46. Any injuries or damages sustained by Plaintiff, were caused by Plaintiff's own conduct and misdeeds which were illegal, intentional, willful, wanton, and reckless.

## NINTH AFFIRMATIVE DEFENSE

47. At no time material hereto did Plaintiff request medical treatment.

## TENTH AFFIRMATIVE DEFENSE

48. Merely negligent or careless conduct on the part of a police officer is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

## ELEVENTH AFFIRMATIVE DEFENSE

49. No act or failure to act on the part of Answering Defendants violated any of Plaintiff's constitutional rights.

## TWELFTH AFFIRMATIVE DEFENSE

50. At all times material hereto, the actions of Answering Defendants were justified under the circumstances, and Answering Defendant Seelig at all times material hereto acted based upon a reasonable good-faith belief that Plaintiff may have had a weapon.

## THIRTEENTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by the doctrines of *res judicata* and/or collateral estoppel, and/or barred by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

52. Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's conduct or the conduct of persons over whom Answering Defendants had no control or responsibility.

## FIFTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims against Answering Defendants Nadzom and Seelig, in their official capacities merge as a matter of law with the § 1983 claims, if any, asserted against the City of York.

## SIXTEENTH AFFIRMATIVE DEFENSE

54. At no time material hereto was Plaintiff deprived of any rights, privileges or immunities secured by the Constitution and/or laws of the United States.

## SEVENTEENTH AFFIRMATIVE DEFENSE

55. Section 1983 is not a source of substantive rights; rather, it is merely a vehicle for vindicating rights conferred elsewhere in the Constitution and laws of the United States.

### EIGHTEENTH AFFIRMATIVE DEFENSE

56. At all times material hereto, Answering Defendants' actions were authorized by law.

### NINETEENTH AFFIRMATIVE DEFENSE

57. Plaintiff's Complaint, and each of its counts, fails to allege any facts establishing cognizable claims for declaratory and/or injunctive relief.

### TWENTIETH AFFIRMATIVE DEFENSE

58. Answering Defendant Nadzom did not have any physical contact with Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

59. Answering Defendants Nadzom and Seelig did not assault or threaten to assault Plaintiff at any time.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

60. Answering Defendant City of York properly trained and supervised Answering Defendants Nadzom and Seelig, including use of force, in accordance with the United States Constitution and federal law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

61. Plaintiff's Complaint, and each of its counts, fails to state claims or causes of action for assault and battery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

62. Answering Defendants plead application of the provisions of the Political Subdivision Tort Claims Act of Pennsylvania, 42 Pa. C.S.A. §8541 et seq. Answering Defendants plead entitlement to all immunities and limitations on recovery contained therein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

63. At all times material hereto, the Answering Defendant officers were acting lawfully and appropriately as members of the York County Drug Task Force.

WHEREFORE, Answering Defendants respectfully pray that this Complaint against them be dismissed with prejudice and that judgment be entered in their favor together with allowable costs and reasonable attorney's fees.

        Respectfully submitted,

        Lavery, Faherty, Young & Patterson, P.C.

        By: s/ Frank J. Lavery, Jr.
            Frank J. Lavery, Jr., Esquire
            225 Market Street, Suite 304
            P.O. Box 1245

DATE: June 30, 2010        Harrisburg, PA 17108-1245
            (717) 233-6633 (telephone)
            (717) 233-7003 (facsimile)
            Atty No. PA42370
            flavery@laverylaw.com
            Attys for City of York,
            Officer Nadzom, Officer Seelig, and
            City of York Police Department

## CERTIFICATE OF SERVICE

I, Cheryl A. Richard, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 30th day of June, 2010, I served a true and correct copy of the foregoing Answer with Affirmative Defenses via U.S. Middle District Court's Electronic Case Filing System, addressed as follows:

Gregg L. Zeff, Esquire
zeff@glzefflaw.com
*Counsel for Plaintiff*

Anthony R. Sherr, Esquire
tsherr@mmsllp.com
*Counsel for Officer Bumstead and NRPD*

David L. Schwalm, Esquire
dschwalm@tthlaw.com
*Counsel for Officer Bumstead and NRPD*

/s/ Cheryl A. Richard
Cheryl A. Richard, Legal Secretary to
Frank J. Lavery, Jr., Esquire and
Gary H. Dadamo, Esquire

*This document has also been electronically filed and is available for viewing and downloading from the ECF system.*